E-FILED
Thursday, 30 July, 2015  09:56:02 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL A. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 15-3085 |
| | ) | |
| CENTRAL MANAGEMENT | ) | |
| SERVICES (CMS) STATE OF | ) | |
| ILLINOIS, CURTIS HOWARD, | ) | |
| DAVE HOLLIS, THOMAS | ) | |
| WHITEHEAD, ROBERT LEVEQUE | ) | |
| and VIRGIL HALL | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Plaintiff Michael A. Williams filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and 1985.   Pending before the Court is the Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).

### I.

The Plaintiff filed his Complaint on March 16, 2015.  He alleges that the Defendants conspired to falsely and wrongfully terminate the Plaintiff, conspired to violate one or more civil rights, violated the employment

contract the Plaintiff allegedly had with the Illinois Department of Central Management Services (CMS), and failed to intervene to protect the Plaintiff from a violation of his civil rights.

In addition to the above claims, the Complaint alleges that Defendants Curtis Howard and Dave Hollis participated in the Plaintiff's termination and conspired with "Shared Services as to [plaintiff's] wrongful termination." The Plaintiff further alleges that Defendants Thomas Whitehead, Robert Leveque and Virgil Hall harassed him and participated in a hostile work environment because of his race.

According to Claim 1, the Plaintiff alleges that on or about September 4, 2012, the Defendants violated his civil rights by conspiring to falsely terminate the Plaintiff due to a union grievance, thereby violating the employment contract he had with CMS. As for Claim 2, the Plaintiff alleges that from approximately January of 2012 through September of 2012, the Defendants violated the Plaintiff's civil rights by failing to intervene to protect him from a violation of his civil rights and conspiring together to violate one or more civil rights.

2

II.

At this stage, the Court accepts as true all of the facts alleged in the Complaint and draws all reasonable inferences therefrom.  See Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011).  "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis."  Maddox v. Love, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted).  Courts must consider whether the complaint states a "plausible" claim for relief.  See id.  The complaint must do more than assert a right to relief that is "speculative."  See id.  However, the claim need not be probable: "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  See Independent Trust Corp. v. Stewart Information Services Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence'

3

supporting the plaintiff's allegations."  Id.

The  Defendants  contend  the  Plaintiff's  claims  are  barred  by  the statute of limitations.  The limitations period for § 1983 and 1985 claims in Illinois is two years.  See Manley v. City of Chicago, 236 F.3d 392, 395 (7th Cir. 2001).  It is clear from the Complaint that Plaintiff was aware of the allegations that form the basis of his claims at the time the incidents occurred–no later than September 4, 2012.  Accordingly, the discovery rule does not help the Plaintiff.  To the extent the Plaintiff alleges that his claim with the Illinois Department of Human Rights tolls the limitations period, the Court concludes otherwise.  In Johnson v. Railway Exp. Agency, Inc., 421 U.S. 454 (1975), the United States Supreme Court held that filing an administrative  complaint  with  the  EEOC  does  not  toll  the  statute  of limitations on a § 1981 claim.  See id. at 465-66.  The same rationale applies to the Plaintiff's § 1983 and 1985 claims.

Accordingly, the Plaintiff's federal claims are barred by the two-year statute of limitations.  To the extent that Plaintiff has alleged a state law breach of contract claim, the Court declines to consider it now that his

federal claims have been resolved.  See 28 U.S.C. § 1367(c)(3); Williams Electronic Games, Inc. v. Garrity, 479 F.3d 904, 907 (7th Cir. 2007) (noting the "presumption that if the federal claims drop out before trial, the district court should relinquish jurisdiction over the state-law claims").

Ergo, the Motion to Dismiss by the Defendants [d/e 8] is GRANTED.

The Plaintiff's federal claims are Dismissed with Prejudice.

Any state law claims are Dismissed without Prejudice.

The Clerk will enter Judgment and terminate this case.

ENTER: July 27, 2015

FOR THE COURT:

s/Richard Mills
Richard Mills
United States District Judge

5